■ EDWARD ORMAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 47817.) — Appeal from a judgment entered upon a decision of the Court of Claims which granted a motion to dismiss at the close of the claimant's evidence. After the claimant rested, the court reserved decision on a motion to dismiss, at which time the State rested and renewed its motions. The court granted the motion made at the end of claimant's case to dismiss. Given the benefit of every favorable inference, it could be said that claimant made out a prima facie case (see *Regan* v. *State of New York,* 19 A D 2d 574), but on viewing the record as a whole, we conclude that he failed to establish, by a preponderance of the evidence, that he was entitled to recover on this claim. The judgment is, therefore, affirmed. (CPLR 5522; *McCarthy* v. *Port of New York Auth.,* 30 A D 2d 111, 114.) On December 22, 1966, at about 7:45 A.M., claimant was ascending a stairway of a New York City subway on his way to work when he was shot in the back by Theodore Neely, a patient of the Central Islip Hospital, a State institution for the care and treatment of the mentally ill. As a result, the claimant is permanently paralyzed in the lower portion of his body and has incurred substantial expenses for care and treatment. The trial court dismissed because of lack of proof establishing that Neely was the assailant. There was testimony by an eyewitness who gave a description of the assailant and later identified Neely as the same person. Additionally, he separately identified Neely's coat as the one worn by the man who shot claimant. While the witness admitted that he was not positive but only " 75% — 85% " sure of his identification, he was forthright and direct in his testimony and his doubts can be attributed to an honest effort at fairness. Identification to the point of certainty is not required. (*People* v. *Spinello,* 303 N. Y. 193, 203.) Neely was diagnosed at the time of his admission to the hospital, 16 years before the incident, as a catatonic schizophrenic. During his confinement, he had been treated by surgery (lobotomy), medication and therapy without notable success. During the early part of his hospitalization, he had demonstrated some violent and assaultive tendencies, but his conduct had been largely passive after 1953. In 1960 he eloped, but was returned without difficulty within a half hour. The incident out of which the claim arises occurred after the patient was released from the hospital for a visit to his parents' home December 12, 1966. The general rule is that the State is not responsible for an honest error in professional judgment by qualified doctors in releasing a patient to the community even though others might disagree with the determination. (*St. George* v. *State of New York,* 283 App. Div. 245, affd. 308 N. Y. 681; *Taig* v. *State of New York,* 19 A D 2d 182.) It is urged here that there was negligence in the decision

making process as distinguished from an error of judgment. Claimant contends that the care of this patient was so superficial that there was not a sufficient quantum of evidence in the medical record upon which a reasonable judgment for release could be made. The charge is that proper psychiatric treatment required more examinations and testing than the hospital gave, a more complete and thorough record of his conduct at the hospital and more attention to a violent and assaultive past in determining his right to release. The simple answer to this is that he could not have been a very difficult patient or the items in the records of the hospital relating to him would have been many rather than few. Patients in mental hospitals are under constant observation by doctors, nurses and attendants. In confinement, incidents of difficulty rarely pass unnoticed. (*Higgins* v. *State of New York*, 24 A D 2d 147.) Over a period of 16 years, examination and testing can take many forms. It is not necessarily limited to recognized formal procedures. Neely's adjustment and development during care were noted. His conduct appeared sufficiently controlled so that he was given ground privileges in 1957 and home visit privileges in 1964. In August, 1966 his status was changed from that of involuntary to voluntary patient at the hospital. Since 1964 the patient had been allowed 37 home visits which were uniformly successful and the allowable periods away from the hospital were gradually lengthened. We find no culpable inadequacy in his care or treatment and no basis for recovery against the State based on the decision to release him for a home visit December 12, 1966. It is also alleged by the claimant that the patient was allowed to leave for home without sufficient medication and that he overextended his stay. It is charged that the State's failure of supervision in these respects constituted negligence increasing the foreseeable danger of injury to others. (Cf. *Taylor* v. *State of New York*, 36 A D 2d 878; *Wasserstein* v. *State of New York*, 32 A D 2d 119.) The hospital record originally provided for the return of the patient December 18, 1966. This was changed on the record to January 8, 1967, the date when the patient did voluntarily return. Because of this alteration, the claimant argues that the patient overextended his home visit, in effect eloped while home, and consequently did not have enough medication. The evidence does not establish that to be the case. Both doctors and the patient's father testified that the original visit was to last until January. While Neely's father had a recollection of medication being given to him for his son on other visits home, he had no recollection of his son receiving medication for this visit, but since he did not pick up the patient, it is reasonable that he would not recall the pills. The doctors testified that the medication was a "light" dosage, that its absence would not make the patient violent and that there was no record of its being given to the patient at release because it was routine in all instances. The supervision of the home visit was reasonable under all the circumstances. Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur. [59 Misc 2d 337.]