■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALLACE HOWARD, Appellant. — Appeal from a judgment of the Supreme Court, Broome County (Fischer, J.), rendered February 8, 1982, upon a verdict convicting defendant of the crime of robbery in the second degree. At about 11:00 P.M. on November 2, 1981, Donna Shuford, after approximately 10 hours of imbibing alcoholic beverages at the Sail Inn in downtown Binghamton, exited the premises in the company of Leonard Woolfolk. A short distance away from the bar Donna Shuford was accosted, her coat thrown over her face, and money and

food stamps were taken from her coat pocket. Immediately following the robbery Shuford and Woolfolk returned to the Sail Inn and called the police. Upon arrival the police interrogated and were informed by an unidentified patron that the perpetrators of the crime had proceeded to Dell's Bar and had taken a taxicab from that location to an unknown destination. Acting on this tip, the police contacted the cab company and learned that two male passengers had been picked up in the vicinity of Dell's Bar and transported to 2 Clinton Street. Upon arrival at that area police officers Connors and Mooney observed a group of five people emerge from the apartment building at 2 Clinton Street and drive away in a Ford Thunderbird. The vehicle was stopped and the occupants were taken to the police station for questioning. During the course of the conversations, the two individuals who matched the cabdriver's description identified themselves as James Howard and Kevin Mays. Defendant Howard was arrested, questioned and ultimately indicted for the crime of robbery in the second degree. At a pretrial suppression hearing, the trial court suppressed certain written and oral statements made by defendant to various police officers. After trial defendant was convicted of the charged crime and sentenced to two to six years' imprisonment. This appeal by defendant ensued.

Donna Shuford could not positively testify that defendant was ever present at the Sail Inn on November 2, 1981 and, further, stated that she did not see her attacker and was, therefore, unable to identify any individual as the perpetrator of the robbery. The cabdriver, Richard Miller, could only state that defendant was one of two individuals he picked up near Dell's Bar on the night in question and transported to 2 Clinton Street. The owner of the Thunderbird, Jackie Pandich, testified that defendant came to her apartment on Clinton Street in the company of Kevin Mays shortly before midnight on November 2, 1981 and stayed about one-half hour. Officers Connors and Mooney recounted their route from the Sail Inn to Dell's Bar, to 2 Clinton Street and, finally, to the police station. However, they were unable to explain what information led them to Dell's Bar because the critical information from the unidentified individual at the Sail Inn was, after objection by defense counsel, excluded as trial evidence on the ground that it was inadmissible hearsay. It follows, therefore, that the testimony of victim Shuford, cabdriver Miller, apartment dweller Pandich, and police officers Connors and Mooney failed to prove that defendant was at the Sail Inn on the evening in question. Even accepting as true the testimony of these five prosecution witnesses, absent the excluded testimony, all that was proven was that defendant took a cab from Dell's bar and went to the apartment of Jackie Pandich at 2 Clinton Street. Accordingly, the issue of whether the trial court erred in refusing to grant defendant's motion for a trial order of dismissal (CPL 290.10), made both at the close of the People's case and at the end of all the evidence, turns on the probative weight of the testimony of victim Shuford's companion, Leonard Woolfolk. Witness Woolfolk testified on direct examination that he saw defendant outside the Sail Inn and identified him in court as one of the two individuals who accosted and robbed Donna Shuford. He also testified that he failed to go to the aid of his companion because defendant told him "I got a gun, don't move". After the Binghamton police were summoned to the Sail Inn, Woolfolk stated that he knew one of the two assailants and, when asked to identify that individual by name, volunteered that the man's name was Howard. While Woolfolk's credibility was severely shaken on cross-examination when he conceded that his ability to identify defendant was impaired by intoxication and, further, that he had an extensive criminal record which, inferentially, might have motivated him to testify for the People lest he be inculpated in the crime, his testimony, viewed in its totality, cannot be characterized as alternating between inculpa-

tion and exculpation so as to be deemed insufficient as a matter of law to establish guilt beyond a reasonable doubt (see *People v De Tore,* 34 NY2d 199, 206-207). It is unnecessary that a witness be absolutely positive of an identification before his testimony in the form of evidence is submitted to a jury charged with the responsibility of determining the reliability of such proof (*People v Thomas,* 66 AD2d 1001). Therefore, the trial court did not err in refusing to grant defendant's motion for a trial order of dismissal since, in our view, there was sufficient competent evidence, if accepted as true by the jury, to establish every element of the offense charged and defendant's connection therewith (see CPL 70.10, subd 1; *People v Sabella,* 35 NY2d 158, 167). Lastly, we reject defendant's contention that the prosecutor's reference during his summation to proof not in evidence was adequate grounds for the court to grant his motion for a mistrial, and that the court's failure to grant such relief constituted reversible error. While we agree that it is fundamental that the jury must decide the issues on the evidence and that counsel, in summation, must not refer to matters not in evidence (*People v Ashwal,* 39 NY2d 105, 109), a careful reading of the prosecutor's final remarks in juxtaposition with the testimony of the police officers clearly justifies the District Attorney's comment that the police "generated information at the scene", despite the fact that the trial court had excluded all evidence relating to statements to the police by an unidentified patron of the Sail Inn. No objection was raised at trial to the testimony of the two police officers that they had spoken to the victim, Woolfolk and others at the scene. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.