◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GREENE, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Cacciabaudo, J.), both rendered June 6, 1984, convicting him of assault in the second degree under indictment No. 137/84, upon a jury verdict, and imposing sentence, and assault in the first degree under indictment No. 38/84, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The showup identification procedure employed by the police, which took place less than an hour after the crimes occurred and within a short distance of the scene of the crimes, was reliable and did not expose the defendant to a substantial risk of irreparable misidentification *(see, People v Love,* 57 NY2d 1023). Furthermore, contrary to the defendant's assertion, the evidence of physical injury *(see,* Penal Law § 10.00 [9]) sustained by the complainant was sufficient as a matter of law to support the conviction of assault in the second degree under indictment No. 137/84 *(see,* Penal Law § 120.05 [2]). Finally, the trial court properly denied the defendant's motion challenging the composition of the jury panel *(see,* CPL 270.10) on

the ground that black youths from ages 18 to 21 were unlawfully and systematically excluded from the panel, since the motion failed to make a prima facie showing that said group represented a large and identifiable segment of the Suffolk County community *(cf. People v Waters,* 123 Misc 2d 1057).

We have examined the remainder of the defendant's contentions on appeal and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.