◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered December 5, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the identification made by the witness Nieves at the hospital where the defendant was being treated for a gunshot wound. This showup occurred while the defendant was not in custody, close in time to the event, while the witness's memory was fresh, and, under the circumstances in which it transpired, was not suggestive *(see, People v Jeffries,* 125 AD2d 412, *lv denied* 69 NY2d 882; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366). Moreover, we note that the People established

by clear and convincing evidence that there was an independent source for Nieves' in-court identification *(see, Manson v Brathwaite,* 432 US 98; *People v Adams,* 53 NY2d 241; *People v Martin,* 101 AD2d 869).

The defendant claims it was error to permit Detective Peaslee to impeach the testimony given by the defendant by means of a prior inconsistent statement made through an interpreter. We disagree. This testimony was properly received in rebuttal for the reasons set forth by Judge, now Justice, Vinik in *People v Perez* (128 Misc 2d 31), and proper limiting instructions were given.

The evidence at trial was legally sufficient to support the guilty verdict *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Upon the exercise of our factual review power, we find that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the remaining contentions in the defendant's supplemental *pro se* brief and find them to be either unpreserved for our review or without merit. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.