■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY BELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered March 18, 1985, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to jury selection, the defendant's counsel requested a

"precharge" indicating that if the defendant chose not to testify, no unfavorable inference could be drawn against him. Although the trial court granted this request, no such language was included in the court's preliminary instructions to the jury. On appeal, the defendant claims that the trial court's failure to give the no inference charge in its preliminary instructions constitutes reversible error. We disagree.

With respect to preliminary instructions to the jury, the trial court is not mandated to give a no inference charge upon request of the defendant *(see,* CPL 270.40). Further, while the trial court agreed to give a no inference charge, its subsequent failure to do so must be viewed as inadvertent. As noted by the Court of Appeals, "[w]hen a Judge grants a request to charge and then fails to deliver the charge as requested, the requesting party has an obligation to draw the error to the Judge's attention" *(People v Whalen,* 59 NY2d 273, 280). Therefore, by failing to draw to the trial court's attention the inadvertent omission of the requested no inference charge, the "defendant must be deemed to have waived" any objection to the failure to so charge the jurors *(People v Whalen, supra,* at 280). While the defendant did not testify at the trial, he did not request that a no inference charge be given by the trial court in its final instructions to the jury. Accordingly, there was no violation of the statutory requirements set forth in CPL 300.10 (2).

In addition, we find that the statements made by the prosecutor during his summation which are challenged by the defendant either elicited objections which were sustained and no further curative instructions were requested, or were proper responses to the defense summation *(see, People v Corley,* 140 AD2d 536; *People v Street,* 124 AD2d 841; *People v Freeman,* 123 AD2d 784), fair comment on the evidence *(see, People v Ayala,* 120 AD2d 600; *People v Allen,* 99 AD2d 592, *affd* 64 NY2d 979), or unpreserved for appellate review as a matter of law (CPL 470.05 [2]) and do not warrant reversal in the exercise of our interest of justice jurisdiction.

Any issue of law with respect to the defendant's remaining contention was not preserved for appellate review (CPL 470.05 [2]), and, in any event, does not require reversal in the exercise of our interest of justice jurisdiction. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.