OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *822
 
 The defendant was convicted, following a jury trial, of assault in the second degree in violation of Penal Law § 120.05 (2) and criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (1). The main issue on this appeal is whether a hospital showup was impermissibly suggestive in violation of the Due Process Clauses of the Federal and State Constitutions.
 

 On July 25, 1994, in the City of Buffalo, defendant and several other persons passed by the home of James and Mary Webber and then returned, at which time defendant shot James Webber. Shortly thereafter, Mary Webber, who did not witness the shooting, identified defendant at the crime scene. Defendant was then transported by the police to the hospital where James Webber had been taken with an abdominal wound. The defendant was in handcuffs and bleeding from his head when James Webber identified him.
 

 We reject defendant’s argument that a hospital showup is inherently improper
 
 (see, People v Duuvon,
 
 77 NY2d 541, 544 ["prompt showup identifications by witnesses following a defendant’s arrest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned”]). Moreover, given the injury to James Webber and the necessity of a prompt identification, the showup was not, as defendant claims, unduly suggestive
 
 (see, id.).
 
 While defendant also argues that the identifying witness was told, prior to the identification, that the defendant was under arrest, that argument is not supported by the hearing record.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.