■ STELLA SMITH, Appellant, v SENPIKE MALL COMPANY, Respondent. [671 NYS2d 395] —Order unanimously affirmed without costs. Memorandum: Defendant's motion for summary judgment was properly granted. Defendant met its initial burden, and plaintiff's bare conclusions and unsubstantiated allegations in opposition are insufficient to defeat the motion (see, Zuckerman v City of New York, 49 NY2d 557, 562). The mere presence of an employee with a mop and pail in the vicinity of the hallway where plaintiff fell is insufficient to raise a triable issue of fact whether defendant had constructive notice of the dangerous condition of the hallway (see, Lewis v Wegmans Food Mkts., 234 AD2d 994). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL TUBBS, Appellant. [671 NYS2d 396] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [2]), two counts of assault in the second degree (Penal Law § 120.05 [2], [6]) and grand larceny in the fourth degree (Penal. Law § 155.30 [5]). Defendant argues that a showup identification procedure held at Rochester General Hospital, where the shooting victim was undergoing medical treatment, was unduly suggestive. The showup at the hospital within one hour of the shooting was justified by the necessity for prompt identification and was not unduly suggestive (see, People v Blanche, 90 NY2d 821, 822; see also, People v McBride, 190 AD2d 573, 573-574). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.