■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTIAGO, Appellant. [674 NYS2d 684] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered January 17, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly determined that the police acted reasonably, and in the interest of securing a prompt and reliable identification, by arranging a showup procedure at the hospital where defendant was being treated for a gunshot wound. The showup was conducted shortly after the event and, under the circumstances in which it transpired, was not suggestive (*People v Blanche*, 90 NY2d 821; *People v Perez*, 135 AD2d 665, *lv denied* 71 NY2d 972).

The *Sandoval* ruling permitting limited questioning regard-

ing two of defendant's prior felony convictions, for weapon possession and drug sale, as well as regarding defendant's use of aliases, was an appropriate exercise of discretion. The court properly balanced the relevant factors.

The court appropriately exercised its discretion in ruling that defendant might be cross-examined regarding an alleged admission where the prosecutor offered a good-faith basis for such questioning, even though the individual to whom defendant purportedly made the admission would not testify (*see, People v Dixon*, 228 AD2d 175, *lv denied* 88 NY2d 1068).

The record indicates that defense counsel was given the opportunity to offer suggestions with regard to notes sent by the jury and that the court responded meaningfully and impartially to the jury's requests (*People v Almodovar*, 62 NY2d 126, 131-132).

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.