■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDREWS, Appellant. [681 NYS2d 286] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered November 14, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the time lapse between the crime and the showup was excessive, and that the showup identification should therefore have been suppressed. He did not, however, raise that point before the hearing court and therefore the argument is unpreserved for appellate review. In any event, exigent circumstances justified the showup.

At the pretrial hearing, the arresting detective testified that the victim reported that she had just been robbed in the elevator of her apartment building. She described one robber as a 19-year-old black male, six feet tall, weighing 195 pounds, and wearing a multicolored jacket, blue jeans, and a ski cap. She described the other perpetrator as a 19-year-old black male, approximately 5 feet 9 inches tall. About three hours later, after the victim went to the police department where she looked at photographs, with no result, and after she was accompanied by the police for what proved to be an unsuccessful canvass of the neighborhood, two detectives escorted the victim and her mother back to their apartment building. As they approached the lobby, two men who were standing in the lobby and who generally matched the description of the robbers started running down a hallway and away from the detectives and the victim. The detectives stopped the two men on the second floor and brought them back downstairs, unhandcuffed. The victim was outside, and the arresting detective asked her to look through the lobby window and tell him if she recognized anyone. She identified the defendant as one of the robbers, but stated that the other man was not. The police released the other man. At trial, the victim testified as to the lobby identification and again identified the defendant as one of the robbers. She also testified that she recognized the defendant, because she had seen him in the building approximately 10 times prior to the robbery.

It is well settled that showups " 'are permissible if exigent circumstances require immediate identification * * * or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately' " (*People v Johnson,* 81 NY2d 828, 831). Although the two and one-half hour gap between the crime and the showup identification in *People v*

*Johnson* (*supra*) was found to have violated due process precepts, the Court of Appeals stated that "the limits of an appropriate time period * * * vary from case to case" (*People v Johnson, supra,* at 831). Here, in contrast to Johnson, the police undertook a prompt and appropriate investigatory showup at the very building where the crime occurred. In view of the rapidly unfolding circumstances including the defendant's unexpected presence, the fact that he matched the description of one of the robbers, and his flight upon seeing the victim and the detectives, exigent circumstances dictated that the detectives detain the defendant and conduct an immediate showup.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.