■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TISLON, Appellant. [719 NYS2d 590] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 8, 1998, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Greenberg, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenges to various remarks made by the prosecutor during his summation are, for the most part, unpreserved for appellate review (*see,* CPL 470.05 [2]). The defendant failed to request curative instructions or move for a mistrial once the court sustained his objections and/or issued curative instructions (*see, People v Reeder,* 221 AD2d 666; *also, People v Woodberry,* 239 AD2d 448; *People v Bell,* 152 AD2d 700). In any event, the contention is without merit.

The defendant's contention, raised in his supplemental *pro se* brief, that the showup identification by the complaining witness was improper is without merit. The showup identification in this case took place within 45 minutes of the crime and only about 100 yards away from the apartment building where the burglary occurred (*see, People v Andrews,* 255 AD2d 328; *People v Rodney,* 237 AD2d 541; *People v Yearwood,* 197 AD2d 554; *People v Greene,* 125 AD2d 697, *affd* 70 NY2d 860).

The defendant's remaining contention is without merit. Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.