*674 OPINION OF THE COURT
John M. Leventhal, J.
Defendant is charged, inter alia, with attempted murder of a police officer.[1] A Dunaway, Huntley, Mapp and Wade hearing was held. The court denied suppression in all respects in an oral decision on the record, but permitted the parties to present the court with cases to support their positions regarding the identification of the complainant, Dennis Moore.
Issue Presented
The issue presented is whether a victim’s “sixty percent” certain identification of the defendant in a hospital room showup is an adequate identification whose weight a jury must consider or is it up to the court to decide if a reliable identification was in fact made.
Facts
On May 10, 2006, around 2:15 p.m., two males in the vicinity of Carroll Street and Utica Avenue attempted to rob Dennis Moore of the payroll he was carrying. Mr. Moore resisted the forcible taking of the payroll and was shot by one of the perpetrators. An off-duty policeman, Larry Young, observed the incident and after Mr. Moore was shot, the perpetrators shot at Detective Young. Detective Young returned the fire and believed he wounded one of the perpetrators. The two perpetrators then left the scene in a burgundy (sometimes described as maroon) Maxima with Florida license plates. Mr. Moore was taken to Kings County Hospital for treatment. At about 3:00 p.m. that day, the defendant walked into the Kings County Hospital emergency room for treatment of a gunshot wound. The complainant and the defendant, who was covered by a hospital sheet from neck to ankles, were placed gurney to gurney, head to head and toe to toe with one another. Mr. Moore, when asked whether the defendant was the man who shot him, said he was “sixty percent sure that was the male that shot at him.”
*675 Discussion
The driving force behind United States v Wade (388 US 218 [1967]), and consequently a Wade hearing, is to prevent a jury from hearing eyewitness testimony unless that evidence has aspects of reliability. In Manson v Brathwaite (432 US 98, 111-114 [1977]), the Court adopted a totality of the circumstances approach to determining reliability and held that identification evidence will be admissible if the procedures were not suggestive or if the identification has independent reliability (see also Neil v Biggers, 409 US 188, 199 [1972]).
The court must first assess whether there has been an impermissibly suggestive police identification procedure (Manson, 432 US at 113; People v Rodriguez, 64 NY2d 738, 740 [1984]; People v Williams, 222 AD2d 149, 152 [1996]; People v Foster, 200 AD2d 196, 199 [1994]). The People have the burden of showing that the pretrial identification procedures were constitutionally permissible and the defendants bear the burden of establishing, by a preponderance of the evidence, that the procedures were impermissible (People v Zambrano, 2003 NY Slip Op 51466[U] [2003]).
If a court finds that unnecessarily suggestive identification procedures were employed, it then determines whether it can nevertheless be shown that the proposed identification is based on the witness’s independent recollection of the incident itself and not on the suggestive procedure (Manson, 432 US at 113; People v Rodriguez, 64 NY2d at 740; People v Williams, 222 AD2d at 152; People v Foster, 200 AD2d at 199) . Determining the reliability of a witness’s identification is sometimes referred to as an “independent source determination” (Williams, 222 AD2d at 153; Foster, 200 AD2d at 200) . Manson v Brathwaite held that courts must consider the totality of the circumstances in determining reliability with specific emphasis on the following factors, delineated in Neil v Biggers: (1) opportunity of the witness to view the criminal at the time of the crime; (2) witness’s degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the length of time between the crime and the confrontation (Manson, 432 US at 114). Courts applying this analysis have held that a good or poor rating with respect to any one factor will not be dispositive in a reliability analysis (see, e.g., United States v Concepcion, 983 F2d 369, 377 [2d Cir 1992], cert denied 510 US 856 [1993]). The prosecution, *676 however, has the burden of showing by “clear and convincing evidence” that the identification was reliable (People v Rodriguez, 64 NY2d 738, 741 [1984]; People v Rahming, 26 NY2d 411, 417 [1970]).
The ability of jurors to gauge trustworthiness has also long been recognized in the assessment of pretrial identifications (see Manson, 432 US at 113; Foster v California, 394 US 440, 442 n 2 [1969] [“The reliability of properly admitted eyewitness identification, like the credibility of the other parts of the prosecution’s case is a matter for the jury”]). In Manson, the Court noted that it is part of our adversary system to admit trial evidence that has “strong elements of untrustworthiness,” such as bias (Manson, 432 US at 113 n 14). Counsel has the opportunity to cross-examine identification witnesses and argue doubts about the accuracy or suggestiveness of identifications in summation, and juries are sufficiently qualified to measure the weight of identification testimony that has some questionable feature (id. at 116). Unless there is a “very substantial likelihood of irreparable misidentification,” because it is either unduly suggestive or unreliable, “such evidence is for the jury to weigh” (id.).
Under New York case law, civilian showup identifications at police stations are presumptively suggestive, and should therefore be suppressed unless exigency warrants otherwise (People v Duuvon, 77 NY2d 541, 544-545 [1991]; People v Riley, 70 NY2d 523 [1987]; People v Adams, 53 NY2d 241 [1981]; People v Wharton, 74 NY2d 921 [1989]). Conversely, civilian showup identifications by witnesses following a defendant’s arrest at or near a crime scene occur under such a wide variety of circumstances and therefore must be analyzed on a case-by-case basis, not presumptively suppressed (Duuvon, 77 NY2d at 544-545). The suggestiveness analysis considers a wide variety of factors such as proximity in time and location to the crime,[2] whether the identification occurred by happenstance rather than as the *677 product of police suggestion,[3] whether exigent circumstances existed,[4] and the words or actions used by the police officers conducting the showup.[5]
Several factors lead to the conclusion that the pretrial identification in this case was not unduly suggestive. First, it was close in time and space to the commission of the alleged crimes, as the robbery took place around 2:15 p.m. and the identification at approximately 3:00 p.m. Next, the opportunity to conduct the showup arose by the coincidence of the defendant’s and victim’s presence in the same hospital emergency room. Finally, no aggravating words or actions were taken by the police officers present at the showup that would have made the victim more likely to identify the defendant. Several cases have also found hospital showups conducted under similar circumstances admissible (see People v Blanche, 90 NY2d 821 [1997] [rejecting defendant’s argument that a hospital showup is inherently improper and admitting showup where defendant was in handcuffs and bleeding from his head when identified]; People v Santiago, 251 AD2d 239 [1998] [finding showup procedure arranged at hospital where defendant was being treated for a gunshot wound not suggestive]; People v Lewis, 243 AD2d 256, 257 [1997] [holding showup was “rendered eminently reasonable by the unusual circumstance that the complainant and defendant were both lying on gurneys in different parts of the same emergency room being treated for the serious injuries they had just inflicted upon each other in the incident”]; People v Perez, 135 AD2d 665, 665 [1987] [denying defendant’s motion *678 to suppress identification made at the hospital where defendant was being treated for a gunshot wound because it occurred “while the defendant was not in custody, close in time to the event, (and) while the witness’s memory was fresh”]).[6]
If this court were to have found the pretrial identification to be unduly suggestive, it would then have to assess independently the level of certainty demonstrated by the witness because “level of certainty demonstrated at the confrontation” is one of the five Biggers factors the court must consider in determining the reliability of an identification otherwise tainted by a suggestive showup. Once a showup procedure is found to be suggestive, courts must ensure that only those identifications based on the witness’s independent recollection of the incident, not the suggestive procedure, are admitted into evidence (People v Foster, 200 AD2d 196, 200 [1994] [“To leave the assessment of the reliability of the identifying witnesses exclusively for trial defeats the basic purpose of the Wade hearing, and particularly of its independent source phase, which is precisely to assure that the jury will not have placed before it unreliable identification testimony”]). Further, if a showup or lineup identification procedure is found to be suggestive on appeal, the proper remedy is reversal, a new Wade hearing, and a new trial (People v Burts, 78 NY2d 20, 23-25 [1991]).
To state it another way, once the court determines an identification is not unduly suggestive, then the certainty of that identification is not a prerequisite to its admissibility. The weight and reliability of the identification is for the jury to determine (People v Spinello, 303 NY 193, 203, 204 [1951] [preWade decision admitting an in-court identification and holding that “(t)here is no rule of law which requires an identification to be positive beyond any shadow of doubt” where witness stated, on cross-examination, he “would not swear” to the certainty of his identification]; People v Howard, 91 AD2d 1127, 1129 [1983] [holding that “(i)t is unnecessary that a witness be absolutely positive of an identification before his testimony in *679 the form of evidence is submitted to a jury charged with the responsibility of determining the reliability of such proof’]; People v Thomas, 66 AD2d 1001 [1978] [finding identification procedure not to be unduly suggestive, and holding that the “weight and reliability of the trooper’s testimony . . . was for the jury to determine”]; Orman v State of New York, 37 AD2d 674, 674 [1971] [admitting eyewitness identification and holding that “(i)dentification to the point of certainty is not required” where an eyewitness testified he was only “75-85% sure” of his identification]).
Conclusion
Accordingly, the court finds that when a pretrial identification is otherwise determined to be nonsuggestive, a witness’s level of certainty regarding that identification is a matter whose weight a jury must consider. Conversely, when a pretrial identification is deemed suggestive, a witness’s level of certainty is a factor for the court to consider in determining the overall reliability (independent source), and admissibility, of the identification from the criminal incident itself.
Here, the court finds the identification employed not to be suggestive. Thus, the court need not assess the reliability of the identification.

. Attempted murder in the first degree is committed when an individual, with intent to cause the death of another person, engages in conduct which tends to effect the commission of such crime, and “the intended victim was a police officer . . . who was at the time of the killing engaged in the course of performing his official duties, and the individual knew or reasonably should have known that the intended victim was a police officer.” (Penal Law §§ 110.00, 125.27 [1] [a] [i].)

. In People v Brnja (50 NY2d 366 [1980]), a showup was upheld where the defendant was apprehended less than a mile from the crime scene, brought back to the scene, and identified by the victim 15 minutes after the crime was committed. (See also People v Andrews, 255 AD2d 328, 329 [1998] [“It is well settled that showups are permissible if exigent circumstances require immediate identification ... or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately” (internal quotation marks omitted)].)

. In People v Clark (85 NY2d 886 [1995]), a robbery victim went to the police after obtaining the alleged perpetrator’s address. Two officers brought the victim to that address where an immediate identification was made.

. Exigent circumstances existed in People v Andrews (255 AD2d 328 [1998]), where defendants returned to the robbery crime scene (apartment building lobby) at the same time as the victim, who was escorted by police officers. The officers asked the victim to make an on-the-spot identification before the defendants left (see also People v Rivera, 22 NY2d 453 [1968] [validating hospital showup where it was unclear whether alleged perpetrator would live or die]).

. In Brisco v Phillips (376 F Supp 2d 306 [2005]), the District Court of the Eastern District of New York granted Frank Brisco’s petition for habeas corpus relief on grounds that his pretrial showup was unnecessarily suggestive and not independently reliable. The suspect was shown to the victim surrounded by three uniformed policemen and was asked to hold up a pair of maroon shorts, which matched the distinctive description of the perpetrator’s attire given by the victim. Here, the defendant was covered from neck to ankles by a hospital sheet at the time of the identification and the undercover policemen present did not ask him to take any further action.

. The defendant cites People v Ortiz (90 NY2d 533 [1997]) for the proposition that in order for a showup not to be suggestive the People must not only demonstrate that it was reasonable under the circumstances, but also produce some evidence relating to the showup itself to demonstrate that the procedure was not unduly suggestive. The same case cited by the defendant also points out that this burden on the prosecution is minimal, requiring merely “some evidence concerning the circumstances of the identification procedure” (Ortiz, 90 NY2d at 537). Here, the People presented ample testimony as to the procedures employed during the showup identification.