THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JACKSON, Appellant. [873 NYS2d 214]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 18, 2006, convicting him of attempted robbery in the first degree, assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony resulting from two showups. The showups, which were conducted in close geographic and temporal proximity to the crime, were reasonable under the circumstances and were not unduly suggestive (*see People v Duuvon*, 77 NY2d 541 [1991]; *People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Pierre*, 2 AD3d 461, 462 [2003]; *People v Tislon*, 279 AD2d 488 [2001]; *People v Cartas*, 238 AD2d 434, 435 [1997]; *People v Rowlett*, 193 AD2d 768 [1993]; *People v Carbonaro*, 162 AD2d 459 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the first degree and assault in the second degree beyond a reasonable doubt (*see People v Felix*, 56 AD3d 796 [2008]; *People v Perez*, 51 AD3d 1042 [2008], *lv denied* 11 NY3d 792 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted robbery in the first degree and assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial based upon one brief reference in the trial testimony to a crime for which the defendant was charged but not indicted (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Brescia*, 41 AD3d 613, 614 [2007]; *People v Whitely*, 41 AD3d 622, 623 [2007]). The Supreme Court's prompt action in striking the testimony and issuing curative instructions to the jury alleviated any prejudice to the defendant that may have resulted from such testimony (*see People v Santiago*, 52 NY2d 865, 866 [1981]; *People v Young*, 48 NY2d 995, 996 [1980]; *People v Brescia*, 41 AD3d at 613-614).

Also contrary to the defendant's contention, the Supreme Court did not err in admitting a certain 911 recording into evidence (*see People v Buie*, 86 NY2d 501 [1995]; *People v Marino*, 21 AD3d 430 [2005], *cert denied* 548 US 908 [2006]; *People v Lewis*, 222 AD2d 1058 [1995]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Florio, Angiolillo and Dickerson, JJ., concur.