THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIUL GONZALEZ, Appellant. [877 NYS2d 171]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered March 8, 2006, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (J. Goldberg, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police properly detained the defendant, who had sustained injuries, and transported him to a hospital, for the purpose of a showup identification procedure, in the interest of securing a prompt and reliable identification. The police had reasonable suspicion to believe that the defendant had stabbed the victim (*see People v Blanche*, 90 NY2d 821, 822 [1997]; *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Guiterrez*, 270 AD2d 184 [2000]; *Matter of Jakiyo L.*, 256 AD2d 466, 467 [1998]; *People v Santiago*, 251 AD2d 239 [1998]; *People v Sledge*, 225 AD2d 711, 712 [1996]; *People v Conyers*, 176 AD2d 340 [1991]; *People v Beltraz*, 165 AD2d 745, 746 [1990]; *People v Perez*, 135 AD2d 665 [1987]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony, as the showup, which occurred in close temporal and spatial proximity to the crime, approximately one hour after the crime occurred, at a hospital located approximately one mile from the crime scene, was not unduly suggestive (*see People v Blanche*, 90 NY2d at 822; *People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 543 [1991]; *People v Berry*, 50 AD3d 1047, 1048 [2008]; *People v Crumble*, 43 AD3d 953 [2007]; *People v Fox*, 11 AD3d 709 [2004]; *People v Grant*, 17 Misc 3d 673, 676-677 [2007]; *cf. People v Colon*, 42 AD3d 411 [2007]). In addition, the trial court did not err in declining to reopen the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]; CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 553, 555 [1996]; *People v Velez*, 39 AD3d 38, 42 [2007]).

The trial court properly permitted the People to display the defendant's arrest photograph to the witnesses for the purpose of an in-court identification, as the defendant had absconded after jury selection and was tried in absentia (*see People v Thompson*, 306 AD2d 758, 760 [2003]; *People v Waithe*, 163 AD2d 347 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]; *cf. People v Cooper*, 146 AD2d 494 [1989]). Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.