■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON PARRIS, Appellant. [893 NYS2d 287]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered June 5, 2008, convicting him of burglary in the second degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The police properly detained the defendant for the purpose of a showup procedure (see People v Gonzalez, 61 AD3d 775, 776 [2009]; People v Wilson, 5 AD3d 408, 409 [2004]; People v Largo, 282 AD2d 548, 549 [2001]). The showup procedure, which was conducted approximately 40 minutes after the complainant observed the defendant and three to four blocks from where she initially observed the defendant, was permissible under the circumstances since it was "conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Cruz, 31 AD3d 660, 661 [2006]; see People v Gonzalez, 61 AD3d at 766; People v Tislon, 279 AD2d 488 [2001]; People v Rodney, 237 AD2d 541, 542 [1997]). Contrary to the defendant's contention, the showup procedure was not unduly suggestive merely because the complainant viewed the defendant while he was handcuffed and in the vicinity of police officers (see People v Jackson, 59 AD3d 637 [2009]; People v Rowlett, 193 AD2d 768 [1993]; People v Carbonaro, 162 AD2d 459 [1990]; People v Burns, 133 AD2d 642, 643 [1987]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement officials. The hearing court properly found that his statement was voluntarily made after he knowingly waived his Miranda rights on two occasions (see Miranda v Arizona, 384 US 436 [1966]; People v Osorio, 49 AD3d 562, 563 [2008]). The defendant improperly relies on his trial testimony in support of his contention that his statement should have been suppressed on the ground that it was the product of threats and physical harm (see People v Castellanos, 65 AD3d 555 [2009]).

The hearing court did not err in denying the defendant's motion for leave to renew those branches of his omnibus motion

which were to suppress his statement and identification testimony, as the defendant failed to show that additional pertinent facts had been discovered that would have affected the court's prior determination that the identification testimony and his statement were admissible (*see* CPL 710.40 [4]; *People v Gonzalez*, 61 AD3d at 776; *People v Miller*, 57 AD3d 568, 570 [2008]; *People v Sanjurjo*, 39 AD3d 773 [2007]). Furthermore, the defendant's contention that his statement was the product of threats and physical harm is not properly before this Court since we are precluded from reviewing trial testimony in determining whether the hearing court acted properly (*see People v Hucks*, 175 AD2d 213, 214 [1991]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of both counts of burglary in the second degree beyond a reasonable doubt. The defendant's contention that his conviction of resisting arrest is not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel did not specifically address the resisting arrest count when he moved for a trial order of dismissal (*see People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Gray*, 86 NY2d 10 [1995]; *People v Linton*, 62 AD3d 722, 723 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of resisting arrest beyond a reasonable doubt.

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any inconsistencies between the testimony that the police officer provided at the suppression hearing and at the trial, and any discrepancies between the complainant's prior description of the clothing worn by the defendant to a police officer and the complainant's trial testimony, were minor and did not render their testimony incredible or unreliable (*see People v Scipio*, 61 AD3d 899 [2009]; *People v Sepulveda*, 59 AD3d 641, 642 [2009]; *People v Colon*, 42 AD3d 549, 550 [2007]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.