■ In the Matter of KAREEM J., a Person Alleged to be a Juvenile Delinquent, Appellant. [974 NYS2d 511]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kareem J. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated August 2, 2012, which, upon a fact-finding order of the same court (Elkins, J.) dated February 23, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of petit larceny and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order and the denial, after a hearing (Elkins, J.), of that branch of Kareem J.'s omnibus motion which was to suppress identification testimony.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired. However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order and the denial of that branch of his omnibus motion which was to suppress identification testimony, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).

Contrary to the appellant's contentions, the evidence at the suppression hearing established that the police officer who conducted the showup identification procedure involving the appellant had an "objective, credible" reason to approach the appellant, who was sitting on a bicycle and whose appearance sufficiently matched the description of an individual who had stolen a bicycle minutes earlier and a short distance away (People v Hollman, 79 NY2d 181, 184 [1992]; see People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]). It was

proper for the officer to conduct an inquiry of the appellant, given the officer's "founded suspicion that criminal activity [wa]s afoot" (*People v De Bour*, 40 NY2d 210, 223 [1976]). Also, in light of the appellant's questionable response to the officer's inquiry about his ownership of the bicycle, the officer had a reasonable suspicion of the appellant's involvement in criminal activity, and it was proper for him to stop and detain the appellant (*cf.* CPL 140.50; *People v Hollman*, 79 NY2d at 185; *People v De Bour*, 40 NY2d at 223; *see Matter of Eric C.*, 281 AD2d 543, 544 [2001]). The showup identification procedure conducted shortly thereafter, during which the complainant identified the appellant, was not impermissibly suggestive, as it was conducted in close spatial and temporal proximity to the crime (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]; *see also People v Blanche*, 90 NY2d 821, 822 [1997]).

The appellant's remaining contentions are without merit. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.