■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIE JACKSON, Appellant. [41 NYS3d 120]—

Appeal by the defendant from a judgment of the Supreme

Court, Nassau County (Delligatti, J.), rendered December 18, 2014, convicting him of predatory sexual assault (three counts), rape in the first degree, attempted murder in the second degree, attempted murder in the second degree as a sexually motivated felony, robbery in the first degree (three counts), burglary in the first degree (three counts), burglary in the first degree as a sexually motivated felony (three counts), strangulation in the first degree, strangulation in the first degree as a sexually motivated felony, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the convictions of rape in the first degree, attempted murder in the second degree, burglary in the first degree (three counts), and strangulation in the first degree, and the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress the showup identification evidence was properly denied. It was established at the hearing that the hospital showup identification was justified (*see People v Boswell*, 288 AD2d 390 [2001]; *People v Gillard*, 271 AD2d 318 [2000]; *People v Tubbs*, 249 AD2d 936 [1998]) and was not unduly suggestive (*see People v Bartlett*, 137 AD3d 806 [2016]; *People v Parris*, 70 AD3d 725, 726 [2010]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). However, as the People correctly concede, the defendant's convictions of rape in the first degree, attempted murder in the second degree, burglary in the first degree (three counts), and strangulation in the first degree, and the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, as they are inclusory concurrent counts of predatory sexual assault, attempted murder in the second degree as a sexually motivated felony, burglary in the first degree as a sexually motivated felony (three counts), and strangulation in the first degree as a sexually motivated felony, respectively.

The defendant's contention that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct is for the most part unpreserved for appellate review since defense counsel did not object to these remarks or questions (*see* CPL 470.05 [2]). In any event, the defendant

was not deprived of a fair trial by any of the alleged prosecutorial misconduct (*see People v Bell*, 136 AD3d 838, 839 [2016]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.