People v MacLeod (2018 NY Slip Op 04908)





People v Macleod


2018 NY Slip Op 04908


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


835 KA 17-00610

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT E. MACLEOD, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered March 24, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of robbery in the second degree under count one of the indictment and dismissing that count and by directing that the sentences imposed on counts two and three shall run concurrently with respect to each other and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [a]), robbery in the second degree as a sexually motivated felony
(§§ 130.91, 160.10 [2] [a]), and sexual abuse in the first degree
(§ 130.65 [1]), defendant contends that County Court abused its discretion in allowing defendant's former coworker to testify that defendant had previously made numerous statements indicating a desire to abduct and sexually assault Asian women. Even assuming, arguendo, that the statements constitute Molineux evidence, we conclude that they were properly admitted to establish the sexual motivation for the commission of this robbery of an Asian woman (see People v Ramsaran, 154 AD3d 1051, 1054 [3d Dept 2017], lv denied 30 NY3d 1063 [2017]; People v Evans, 259 AD2d 629, 629 [2d Dept 1999], lv denied 93 NY2d 924 [1999]; cf. People v Leonard, 29 NY3d 1, 7-8 [2017]), and the probative value of such evidence "outweighed its tendency to demonstrate defendant's criminal propensity" (People v Kirkey, 248 AD2d 979, 980 [4th Dept 1998], lv denied 92 NY2d 900 [1998]).
We agree with defendant that the conviction of count one of the indictment, charging him with robbery in the second degree, must be reversed and that count dismissed as an inclusory concurrent count of count two, charging him with robbery in the second degree as a sexually motivated felony (see CPL 300.30 [4]; 300.40 [3] [b]; People v Perez, 93 AD3d 1032, 1039 [3d Dept 2012], lv denied 19 NY3d 1000 [2012]; see also People v Jackson, 144 AD3d 945, 946 [2d Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Dallas, 119 AD3d 1362, 1364-1365 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]). We therefore modify the judgment accordingly.
Finally, although we reject defendant's contention that the court erred in directing that the sentence for the sexual abuse count run consecutively to the sentences imposed on the robbery counts (see People v Smith, 269 AD2d 778, 778 [4th Dept 2000], lv denied 95 NY2d 804 [2000]; People v Jones, 137 AD2d 766, 767-768 [2d Dept 1988], lv denied 72 NY2d 862 [1988]), we conclude that the imposition of consecutive sentences renders the sentence unduly harsh and severe under the circumstances of this case. We therefore further modify the judgment, as a matter of discretion in the interest of justice, by directing that the sentences imposed on counts [*2]two and three shall run concurrently with respect to each other (see CPL 470.15 [6] [b]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court