■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WILLIAM BROOKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered May 20, 1985, convicting him of rape in the first degree and burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

Approximately five minutes after receiving a radio transmission advising of the commission of a rape by an assailant who fled in a blue van, Police Officer William Neubauer, at approximately 6:05 A.M., on April 8, 1984, observed the defendant's blue van in a parking lot located about a mile and a half from the scene of the crime. There were no other vehicles on the streets at the time. When the defendant's van exited the parking lot, Neubauer pulled the vehicle over and briefly detained the defendant while he called another officer who was with the victim. That officer thereupon transmitted to

Neubauer the victim's detailed physical description of the assailant, which matched the defendant's appearance. Shortly thereafter, the victim was transported to where the defendant was being detained, and, without suggestion or prompting by the police, immediately identified the van and then the defendant, who was not handcuffed, as the assailant. Subsequently, the defendant was arrested, informed of his *Miranda* rights, and thereafter signed a written confession in which he admitted committing the rape.

The minimally intrusive police conduct in initially detaining the defendant for a brief inquiry was justified by the information possessed by the officer at the time. Given the report of a rape committed by an assailant fleeing in a blue van only minutes before receipt of the transmission, and considering the absence of traffic and close proximity of the defendant's vehicle to the victim's home, it was reasonable for the officer to detain the defendant for a brief inquiry *(see, People v Landy,* 59 NY2d 369; *People v De Bour,* 40 NY2d 210). Thereafter, upon receipt of the victim's detailed physical description of the defendant, which matched his appearance, a further detention so as to permit the ensuing identification procedure to be concluded was similarly reasonable under the circumstances *(see, People v Hicks,* 68 NY2d 234; *People v Brnja,* 50 NY2d 366; *People v Kennerly,* 117 AD2d 624, 625). Contrary to the defendant's contentions, the record discloses that the showup identification employed was conducted promptly and was not unduly suggestive *(see, People v Kennerly, supra).* In light of the foregoing, the defendant's contention that his confession must be suppressed is without merit. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.