■ ALICE M. LUNSFORD et al., Respondents, v CHARLES D. SCHAFFNER, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 24, 1990, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

On May 14, 1987, the plaintiff Alice M. Lunsford and the defendant, both employees of Pan American Airways, attended a business meeting at the Viscount Hotel at John F. Kennedy Airport. The defendant left the building after the meeting, backed his car out of a space in the hotel's parking lot, and struck Mrs. Lunsford in the right knee as she and a companion were walking to their car. As a result of the accident, the plaintiff was out of work from May 14, 1987, through June 22, 1987, and from September 9, 1987, through November 16, 1987. The record establishes that she received benefits in connection with the subject accident under the Workers' Compensation Law pursuant to a decision of the Workers' Compensation Board made after a hearing.

The defendant moved for summary judgment, contending that the benefits received under the Workers' Compensation Law were the plaintiffs' exclusive remedy. In opposition to the motion, the plaintiffs argued, *inter alia,* that Workers' Compensation benefits were not the exclusive remedy because neither Mrs. Lunsford nor the defendant were acting within the scope of their employment at the time of the accident. The Supreme Court denied the defendant's motion, concluding that Workers' Compensation benefits did not constitute the exclusive remedy under the circumstances of this case. We now reverse and grant the defendant's motion.

The failure to raise this issue by affirmative defense in the answer does not constitute a waiver of the defendant's right to assert the exclusive remedy afforded under Workers' Compensation Law § 29 (6) as a bar to the action to recover damages for personal injuries *(see, Murray v City of New York,* 43 NY2d 400). Under the circumstances of this case, the plaintiffs are

bound by the determination of the Workers' Compensation Board finding that Mrs. Lunsford's injuries were sustained during the course of her employment. She may petition the Workers' Compensation Board for reconsideration on this issue, but she cannot attempt to undermine the conclusiveness of the Board's previous determination, or the exclusiveness of the compensation remedy she received, by collateral attack in an action to recover damages for personal injuries *(see, Cunningham v State of New York,* 60 NY2d 248, 252-253). Since Mrs. Lunsford's cause of action to recover damages for personal injuries is barred by the exclusivity of the Workers' Compensation Law, her husband's claim for loss of consortium must also fail *(see, Daniels v Zelco, Inc.,* 159 AD2d 538). Accordingly, the complaint must be dismissed. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.