■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB CABOT, Appellant. [741 NYS2d 902] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 8, 2000, as amended March 16, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment as amended is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion by precluding him from admitting into evidence a written statement by a nontestifying third party, who was present at the scene of the crime and had implicated himself as the shooter. For a declaration against penal interest to be admissible at trial, the proponent must establish that (1) the declarant was unavailable as a witness at trial, (2) when the statement was made the declarant was aware that it was adverse to his or her penal interest, (3) the declarant had competent knowledge of the facts underlying the statement, and (4), most importantly, supporting circumstances independent of the statement were present to attest to its trustworthiness and reliability (*see People v Brensic,* 70 NY2d 9, 15; *People v Settles,* 46 NY2d 154, 167). In this case, the defendant, who had the burden of establishing the factors necessary to admit this declaration against penal interest, submitted no evidence and made no offer of proof that the declarant was unavailable (*see People v Brensic, supra; People v Settles, supra*). Moreover, the defendant failed to disclose supporting

circumstances independent of the statement that would attest to its trustworthiness and reliability (*see People v Brensic, supra; People v Settles, supra*).

The defendant's claim that the trial court violated CPL 310.10 by permitting a juror to eat her lunch apart from the rest of the jurors is unpreserved for appellate review (*see People v Agramonte,* 87 NY2d 765, 770-771; *People v Moore,* 227 AD2d 227, 228). In any event, the claim is without merit (*see People v Fernandez,* 81 NY2d 1023, 1024; *People v Manzo,* 233 AD2d 529). Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.