STEPHEN DiTOMMASO, Appellant, v BEN MARINO, Respondent, et al., Defendant. [774 NYS2d 816]—

In an action, inter alia, to recover damages for assault, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated April 24, 2003, as granted the cross motion of the defendant Ben Marino for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for assault for injuries he allegedly sustained at his workplace when he was struck by a swinging door that was pushed open by his supervisor, the defendant Ben Marino. At the time of the incident, the plaintiff and Marino were both employed by the defendant King Kullen Grocery Co., Inc. Marino established his prima facie entitlement to judgment as a matter of law by showing that the plaintiff obtained workers' compensation benefits for his injuries. In opposition, the plaintiff failed to raise a triable issue of fact as to the exclusivity provisions of the Workers' Compensation Law. Accordingly, the Supreme Court properly granted Marino's cross motion for summary judgment dismissing the complaint insofar as asserted

against him (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Gagliardi v Trapp*, 221 AD2d 315 [1995]; *Mera v Adelphi Mfg. Co.*, 160 AD2d 781 [1990]; *Bulis v Di Lorenzo*, 142 AD2d 707, 708 [1988]).

In light of our determination, we need not reach the plaintiff's remaining contention. Altman, J.P., Florio, Smith and Rivera, JJ., concur.