■ PENNY STEWART, Appellant, v GLORY BEE REALTY MANAGEMENT CORP. et al., Respondents, et al., Defendants. (Action No.

1.) VICTORIA PATTERSON, Appellant, v THOMAS AMODEO, JR., Respondent. (And a Third Party Action.) (Action No. 2.) SCOTT R. WRIGHT et al., Plaintiffs, v THOMAS J. AMODEO, JR., et al., Defendants. (Action No. 3.) [781 NYS2d 779]—

In three separate actions, inter alia, to recover damages for personal injuries, etc., (1) Penny Stewart, as administratrix of the estate of Anderson Stewart, Jr., the plaintiff in action No. 1, appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated May 19, 2003, as granted the motion of the defendants Glory Bee Realty Management Corp., and Victoria Patterson, as executrix of the estate of Alonzo Lanier, Jr., for summary judgment dismissing the complaint in action No. 1 insofar as asserted against them and as granted that branch of the cross motion of the defendant Thomas Amodeo, Jr., which was for summary judgment dismissing the complaint in action No. 1 insofar as asserted against him, and (2) Victoria Patterson, as executrix of the estate of Alonzo Lanier, Jr., the plaintiff in action No. 2, separately appeals from so much of (a) stated portions of the same order and (b) an order of the same court dated July 18, 2003, as, upon renewal, granted that branch of the cross motion of the defendant Thomas Amodeo, Jr., which was for summary judgment dismissing the complaint in action No. 2.

Ordered that the appeal by Victoria Patterson, as executrix of the estate of Alonzo Lanier, Jr., from the order dated May 19, 2003, is dismissed, as that appellant is not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order dated May 19, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 18, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Penny Stewart, the plaintiff in action No. 1, and Victoria Patterson, the plaintiff in action No. 2, commenced their ac-

tions, inter alia, to recover damages for personal injuries to their decedents, resulting from a three-car collision involving their respective decedents, Anderson Stewart, Jr., and Alonzo Lanier, Jr. Insofar as is relevant, the defendant Thomas Amodeo, Jr., was driving his personal car when he struck the rear end of a truck, owned by Glory Bee Realty Management Corp. (hereinafter Glory Bee) and driven by Patterson's decedent, Lanier, in which Anderson Stewart, Jr., Stewart's decedent, was riding as a passenger. This collision, in turn, propelled the truck driven by Lanier into the path of a truck driven by Scott Wright, a defendant in action No. 1, and a plaintiff in action No 3.

The proof adduced was sufficient to establish as a matter of law that Lanier, Amodeo, and Stewart were coemployees, working for Glory Bee, their common employer, at the time of the accident. Since Penny Stewart and Lanier applied for and accepted workers' compensation benefits as a result of this accident, under the facts of this case, the exclusivity provisions of the workers' compensation statute bar Penny Stewart from asserting these claims against Lanier, Amodeo, and Glory Bee, while Lanier's representative is barred from asserting these claims against Amodeo. The contentions by Stewart and Patterson, which were completely inconsistent with their own representations to the Workers' Compensation Board, were insufficient to raise a triable issue of fact (*see* Workers' Compensation Law § 29 [6]; *Werner v State of New York*, 53 NY2d 346, 351-354 [1981]; *Turner v Gannett Suburban Newspaper*, 260 AD2d 370 [1999]; *cf. Hanford v Plaza Packaging Corp.*, 2 NY3d 348). Additionally, their contentions are based solely on hearsay (*see People v Brensic*, 70 NY2d 9 [1987]; *People v Cabot*, 294 AD2d 444 [2002]; *cf. Kelleher v F.M.E. Auto Leasing Corp.*, 192 AD2d 581 [1993]). Accordingly, the Supreme Court properly granted that branch of Amodeo's cross motion which was for summary judgment dismissing the complaint in action No. 1 insofar as asserted against him and, upon renewal, properly granted that branch of the cross motion which was for summary judgment dismissing the complaint in action No. 2.

In addition, Patterson and Glory Bee made out their prima facie case establishing that Lanier was not negligent in the operation of his vehicle. In opposition, the plaintiff Penny Stewart failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.