■ The People of the State of New York, Respondent, v Patrick Guy, Appellant. [850 NYS2d 476]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered January 6, 2006, convicting him of attempted robbery in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his written statement to law enforcement officials.

Ordered that the judgment is affirmed.

Minutes after an unsuccessful attempt to forcibly steal money from a store in Commack, the defendant was arrested in the nearby hamlet of Hauppauge and was brought back by the police to the scene of the crime for a showup identification, which took place approximately 51 minutes after the crime had been reported. The defendant was made to stand near the rear of a marked police vehicle, surrounded by several uniformed and plainclothes police officers, and was positioned in such manner as to obscure the fact that he was wearing handcuffs. The complainant then identified him as the would-be robber. The County Court correctly found that the People met their initial burden of establishing that the showup was reasonable under the circumstances and not unduly suggestive (*see People v Ortiz,* 90 NY2d 533, 537 [1997]; *People v Ramos,* 34 AD3d 1363 [2006]; *People v Rodgers,* 6 AD3d 464, 465 [2004]; *People v Davis,* 256 AD2d 49 [1998]; *People v Yearwood,* 197 AD2d 554 [1993]; *People v Brooks,* 125 AD2d 481, 482 [1986]; *cf. People v Johnson,* 81 NY2d 828, 831 [1993]; *People v James,* 218 AD2d 709, 710

[1995]; *People v Rivera,* 210 AD2d 895, 896 [1994]; *People v Walker,* 198 AD2d 826, 827- 828 [1993]), and the defendant failed to carry his ultimate burden of proving that the procedure was unduly suggestive (*see People v Ortiz,* 90 NY2d at 533). Thus, suppression of the identification testimony was properly denied.

Moreover, contrary to the defendant's contention, the People also met their burden of proving, beyond a reasonable doubt, that his written statement to law enforcement officials was voluntary and, therefore, admissible (*see People v Mateo,* 2 NY3d 383, 413-414 [2004], *cert denied* 542 US 946; *People v Huntley,* 15 NY2d 72, 78 [1965]). "[M]uch weight must be accorded to the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo,* 41 NY2d 759, 761 [1977]; *see People v Wheeler,* 2 NY3d 370, 374 [2004]; *People v Stafford,* 39 AD3d 774, 776 [2007]). In this case, the hearing court's determination was supported by the record.

The defendant's remaining contention is without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.