◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER WELLS, Appellant. [882 NYS2d 150]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered January 23, 2007, convicting him of burglary in the first degree, burglary in the second degree (two counts), robbery in the first degree, robbery in the third degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Blumenfeld, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the convictions of burglary in the second degree and robbery in the third degree under counts three and five of the indictment, respectively, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The hearing court providently exercised its discretion in denying the defendant's request to call the complainants as witnesses at his suppression hearing (*see People v Abrew*, 95 NY2d 806, 808 [2000]; *People v Taylor*, 80 NY2d 1, 15 [1992]).

Contrary to the defendant's contention, the trial court did not err in discharging a sworn juror who, prior to empanelment, expressed concerns about his ability to concentrate on the trial due to job-related commitments (*see People v Daniels*, 59 AD3d 730 [2009]; *People v Huntley*, 237 AD2d 533, 534 [1997]; *People v Oyewole*, 220 AD2d 624 [1995]; *People v Adams*, 179 AD2d 764, 765 [1992]; *People v Vasquez*, 141 AD2d 880, 881 [1988]).

Additionally, the trial court properly determined that the defendant was not entitled to a charge on the affirmative defense to robbery in the first degree and burglary in the first degree. Such a charge is warranted "when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (*People v Gilliard*, 72 NY2d 877, 878 [1988]). Here, no such evidence was presented to the jury (*see People v Smith*, 220 AD2d 547 [1995]).

We agree, however, that the defendant's convictions for burglary in the second degree and robbery in the third degree (counts three and five of the indictment, respectively) should be vacated because they are inclusory concurrent counts of the burglary in the first degree and robbery in the first degree counts (*see People v Grier*, 37 NY2d 847, 848 [1975]; *People v Alston*, 42 AD3d 468, 470 [2007]; *People v Florentino*, 196 AD2d 881, 882 [1993]).

The trial court also properly denied the defendant's request to submit criminal trespass in the second degree as a lesser-included offense of burglary in the second degree, since there was no reasonable view of the evidence that could lead to the conclusion that the defendant had an innocent reason for his presence in the complainant's home (*see People v Rickett*, 94 NY2d 929, 930 [2000]; *People v Mendez*, 51 AD3d 948, 949 [2008]; *People v LeCorps*, 19 AD3d 216, 217 [2005]; *People v Arthur*, 16 AD3d 592, 593 [2005]; *People v Brown*, 270 AD2d 495 [2000]).

The defendant's contentions that his adjudication as a persistent felony offender (*see* Penal Law § 70.10) and persistent violent felony offender (*see* Penal Law § 70.08) violated the principles announced in *Apprendi v New Jersey* (530 US 466 [2000]) are unpreserved for appellate review (*see People v Black*, 23 AD3d 490 [2005]; *People v Highsmith*, 21 AD3d 1037, 1038 [2005]), and in any event, are without merit (*see People v Quinones*, 12 NY3d 116 [2009]).

The defendant's challenge to the legal sufficiency of the evidence is similarly unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any inconsistencies with respect to a complainant's testimony were minor and did not render her testimony incredible (*see People v Sepulveda*, 59 AD3d 641 [2009]; *People v Schouenborg*, 42 AD3d 473 [2007]; *People v Fields*, 28 AD3d 789 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.