■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAVANNAH WINFIELD, Appellant. [880 NYS2d 548]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered March 19, 2007, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the testimony of a correction officer in this case was not relevant since there was no evidence linking the money discovered by that correction officer in the defendant's possession six days after his arrest to the money taken during the robbery in question (*see People v Primo*, 96 NY2d 351, 355 [2001]), the error in admitting that testimony was harmless since the proof of the defendant's guilt was overwhelming and there was no significant probability that the jury would have acquitted the defendant had it not been for that testimony (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *see also People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Payne*, 41 AD3d 512, 514 [2007]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, Penal Law § 70.08, New York's persistent violent felony offender statute pursuant to which the defendant was sentenced, is not unconstitutional (*see People v Crowder*, 47 AD3d 724 [2008]; *People v Hammon*, 47 AD3d 644, 645 [2008]; *see also People v Rivera*, 5 NY3d 61, 80 [2005], *cert denied* 546 US 984 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.