THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KELLY, Appellant. [889 NYS2d 491]—

Following the suppression of the victim's lineup identification of the defendant, the People established by clear and convincing evidence at an independent source hearing that the in-court identification of the defendant was based upon the witness's independent observation of the defendant during the commission of the crime (*see People v Marte*, 12 NY3d 583, 586 [2009]; *People v Adelman*, 36 AD3d 926, 927 [2007]; *People v Ortiz*, 7 AD3d 544 [2004]; *People v Radcliffe*, 273 AD2d 483, 484 [2000]).

The defendant's contention that the trial court violated his constitutional right to a jury trial and the statutory mandate of CPL 310.10 that the jurors be continuously kept together is not preserved for appellate review (*see People v Ramon*, 291 AD2d 511, 512 [2002]; *People v Johnson*, 224 AD2d 635 [1996]). In any event, under the circumstances, there was no violation of the defendant's rights (*see People v Cabot*, 294 AD2d 444, 445 [2002]; *People v Ramon*, 291 AD2d at 512; *People v Johnson*, 224 AD2d 635 [1996]).

The defendant's argument that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the holding in *Apprendi v New Jersey* (530 US 466 [2000]), is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Washington*, 26 AD3d 400 [2006]; *People v Black*, 23 AD3d 490 [2005]) and, in any event, is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Winfield*, 63 AD3d 969, 970 [2009]; *People v Wells*, 63 AD3d 967, 969 [2009]; *People v Mitchell*, 59 AD3d 739, 741 [2009]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.