■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MENDEZ, Appellant. [894 NYS2d 902]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 23, 2007, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in giving a "no inference charge" (*see* CPL 300.10 [2]) during voir dire is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Autry*, 75 NY2d 836, 838-839 [1990]; *People v Mitchell*, 298 AD2d 602 [2002]). In any event, any error was harmless (*see People v Koberstein*, 66 NY2d 989, 991 [1985]; *People v Vereen*, 45 NY2d 856, 857 [1978]).

The defendant contends that the Supreme Court erred in permitting the prosecutor to elicit testimony from a detective that he arrested the defendant immediately after the defendant participated in a lineup, which testimony followed that of a complainant who testified that he had identified the defendant in the lineup. However, this contention also is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Melendez*, 51 AD3d 1040, 1041 [2008]; *People v Sealy*, 35 AD3d 510, 510-511 [2006]; *People v Lucas*, 193 AD2d 700 [1993]). In any event, any error was harmless (*see People v Sealy*, 35 AD3d at 511).

The defendant's contention that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles announced in *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rodriguez*, 51 AD3d 950, 951 [2008]) and, in any event, is without merit (*see People v Rawlins*, 10 NY3d 136, 158 [2008]; *People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Covello, J.P., Santucci, Miller and Eng, JJ., concur.