Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered September 4, 2008, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, by (1) vacating the convictions of criminal possession of a weapon in the fourth degree, vacating the sentences imposed thereupon, and dismissing those counts of the indictment, and (2) vacating the sentences imposed on the convictions of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the convictions of criminal possession of a weapon in the second degree.
The defendant’s claim that the Supreme Court deprived him of his right to a public trial is unpreserved for appellate review (see People v Vatansever, 5 AD3d 406, 407 [2004]). In any event, the defendant’s contention is without merit (see Presley v Georgia, 558 US —, 130 S Ct 721 [2010]; People v Colon, 71 NY2d 410 [1988], cert denied 487 US 1239 [1988]; People v Gibbons, 18 AD3d 773, 773 [2005]; People v Mojica, 279 AD2d 591, 591-592 [2001]).
The defendant did not preserve for appellate review his claim that the People failed to present legally sufficient evidence to sustain his convictions of two counts of criminal possession of a *1099 weapon in the fourth degree. However, we elect to reach the issue in the exercise of our interest of justice jurisdiction (see GPL 470.15), and vacate the convictions of criminal possession of a weapon in the fourth degree (see Penal Law § 265.01 [1], [2]), and the sentences imposed thereon. The People presented no evidence at trial that the knife at issue, the defendant’s possession of which formed the basis for these counts of the indictment, was an operable gravity knife (see Penal Law § 265.00 [5]). Accordingly, the evidence was legally insufficient to sustain the defendant’s conviction of both counts of criminal possession of a weapon in the fourth degree (see Penal Law § 265.00 [5]; § 265.01 [1], [2]; People v Perez, 123 AD2d 889, 890 [1986]; cf. People v Birth, 49 AD3d 290 [2008]; People v Smith, 309 AD2d 608, 609 [2003]).
Contrary to the defendant’s contention, the prosecutor’s comments during summation did not deprive him of a fair trial, as they were fair comments on the evidence, or were a fair response to the defendant’s attack on the credibility of the prosecution witnesses (see People v Fortune, 70 AD3d 964 [2010]; People v Avila, 69 AD3d 642, 643 [2010]). To the extent that certain comments made by the prosecutor in summation can be seen as impermissibly shifting the burden of proof to the defendant, the error was harmless because the evidence of the defendant’s guilt of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree was overwhelming and there is no reasonable possibility that the remarks might have contributed to the defendant’s conviction on those counts (see People v Crimmins, 36 NY2d 230 [1975]; People v McCants, 67 AD3d 821, 823 [2009]).
The defendant’s contention, raised in his supplemental pro se brief, that, under Besser v Walsh (601 F3d 163 [2010]), the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles announced in Apprendi v New Jersey (530 US 466 [2000]), is unpreserved for appellate review (see GPL 470.05 [2]; People v Mendez, 71 AD3d 696 [2010]; People v Kelly, 68 AD3d 895, 896 [2009]; People v Wells, 63 AD3d 967, 969 [2009]; People v Mitchell, 59 AD3d 739, 741 [2009]) and, in any event, is without merit (see People v Taylor, 73 AD3d 1285 [2010]; People v Battease, 74 AD3d 1571 [2010]; see also People v Rawlins, 10 NY3d 136, 158 [2008], cert denied sub nom. Meekins v New York, 558 US —, 129 S Ct 2856 [2009]; People v Rivera, 5 NY3d 61, 67 [2005], cert denied 546 US 984 [2005]; People v Mendez, 71 AD3d at 696; People v Kelly, 68 AD3d at 896; People v Wells, 63 AD3d at 969; People v Mitchell, 59 AD3d at 741).
*1100 There is a conflict between the minutes of the sentencing hearing and the amended sentence and commitment sheet as to the sentences imposed upon the defendant in connection with his convictions of criminal possession of a weapon in the second degree (see generally People v Harris, 72 AD3d 1110 [2010]). In light of this conflict, and because it cannot be determined whether the amended sentence and commitment sheet was signed by the sentencing judge (see People v Duncan, 42 AD3d 470, 471 [2007]), we remit the matter to the Supreme Court, Queens County, for resentencing on the defendant’s two convictions of criminal possession of a weapon in the second degree.
The defendant’s remaining contentions raised in his supplemental pro se brief are without merit or need not be reached in light of our determination. Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.