■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE AMICO, Appellant. [913 NYS2d 675]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 9, 2008, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J., on decision; Demakos, J.H.O., at hearing), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony, because the challenged showup, which occurred in close temporal and spatial proximity to the crime, approximately 40 minutes after the crime occurred and approximately one mile from the crime scene, was not unduly suggestive (see People v Parris, 70 AD3d 725, 726 [2010]; People v Gonzalez, 61 AD3d 775, 776 [2009]; People v Guy, 47 AD3d 643 [2008]; People v Rodgers, 6 AD3d 464, 465 [2004]).

The defendant's contention that the evidence was legally insufficient to establish his identity is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]; People v Grayer, 74 AD3d 1358 [2010]; People v Jenkins, 55 AD3d 850 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Delamota, 74 AD3d 1225, 1226 [2010]; People v Gordon, 65 AD3d 1261, 1262 [2009]; People v Robles, 34 AD3d 849 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we never-

theless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as he failed to object to the comments (*see* CPL 470.05 [2]; *People v Banks*, 74 AD3d 1214, 1215 [2010], *lv denied* 15 NY3d 849 [2010]). In any event, the challenged portions of the prosecutor's summation constituted fair response to arguments presented in summation by defense counsel, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Jones*, 76 AD3d 716, 717 [2010]; *People v Kurney*, 69 AD3d 957 [2010]).

The defendant's argument that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles articulated by the United States Supreme Court in *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mendez*, 71 AD3d 696 [2010]) and, in any event, is without merit (*see People v Rawlins*, 10 NY3d 136, 158 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.