[946 NE2d 738, 921 NYS2d 640]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KELLY, Appellant.

Argued February 17, 2011; decided March 24, 2011

### APPEARANCES OF COUNSEL

*Appellate Advocates*, New York City (*Warren S. Landau* and *Lynn W.L. Fahey* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Anthea H. Bruffee, Leonard Joblove* and *Ann Bordley* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Following a jury trial, defendant Robert Kelly was convicted of charges of robbery in the first degree and burglary in the first degree arising out of an incident that occurred on May 31, 2005.

Following five hours of deliberations, a juror communicated to the trial court concern regarding child care issues. After consulting with counsel for the People and defendant on how to resolve the issue, the trial court directed its court officer to speak to the juror privately, but did not direct the jury to stop deliberating, nor command the court officer to provide such instructions. The court officer reported the particular child care issue to the court and the jury was dismissed for the evening. Deliberations resumed for the following day and a half, and defendant was convicted. The Appellate Division affirmed the conviction and a Judge of this Court granted defendant leave to appeal.

Defendant's contention that the trial court's failure to instruct the jury to cease deliberations violated his federal and state constitutional rights to a jury trial and the requirements of CPL 310.10 is not preserved for appellate review (*see People v Patterson*, 39 NY2d 288 [1976]; *People v Ramon*, 291 AD2d 511 [2002]; *People v Johnson*, 224 AD2d 635 [1996]). Moreover, there was no mode of proceedings error dispensing with the preservation requirement because the brief, momentary separation of the juror from deliberations was not the type of violation contemplated by the "continuously kept together" language of CPL 310.10 (*see* CPL 310.10 [1]; *Johnson*, 224 AD2d at 635; *People v Lee*, 205 AD2d 558, 559 [2d Dept 1994]).

Defendant's *Apprendi* challenge to New York's persistent violent felony offender statute is also unpreserved (*see People v Rosen*, 96 NY2d 329, 335 [2001]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.