THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN A. SHAW, Appellant. [922 NYS2d 171]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered April 28, 2006, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People established by clear and convincing evidence that the in-court identification of the defendant was based upon the witness's independent observation of the defendant during the commission of the crime (*see People v Marte*, 12 NY3d 583, 586 [2009], *cert denied* 559 US —, 130 S Ct 1501 [2010]; *People v Kelly*, 68 AD3d 895 [2009], *affd* 16 NY3d 803 [2011]; *People v Adelman*, 36 AD3d 926, 927 [2007]; *People v Ortiz*, 7 AD3d 544 [2004]; *People v Radcliffe*, 273 AD2d 483, 484 [2000]).

Moreover, the record supports the hearing court's conclusion that the People established that the police had reasonable suspicion to stop the defendant and that reasonable suspicion ripened into probable cause to place him under arrest (*see People v Morales*, 58 AD3d 873 [2009]).

The defendant's statements to law enforcement officials were properly admitted into evidence. The hearing court properly determined that the statements made by the defendant as he was being secured and placed under arrest, but before he was administered *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), were not triggered by police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Baliukonis*, 35 AD3d 626, 627 [2006]). The hearing court also properly determined that the defendant's statements made after *Miranda* warnings were administered were voluntarily made after he knowingly and intelligently waived his *Miranda* rights (*id.* at 627). After the defendant was advised of, and waived, his *Miranda* rights, additional warnings were not necessary, since he remained in continuous custody (*see People v Petronio*, 34 AD3d 602, 604 [2006]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The People met their burden of proving beyond a reasonable doubt that the defendant was a persistent violent felony offender (*see* Penal Law § 70.08). Contrary to the defendant's contention, the certificates of conviction annexed to the amended persistent violent felony offender statement were sufficient to establish that the defendant was a persistent violent felony offender (*see* CPL 60.60 [1]; *People v Allen*, 4 AD3d 479 [2004]; *People v Melvin*, 279 AD2d 481 [2001]). "Unlike the situation in *People v Van Buren* (82 NY2d 878), where the certificate of conviction produced by the People identified the previ-

ously convicted individual by nothing more than name, in this case the evidence offered by the People identified [the] defendant by name, date of birth and NYSID number" (*People v Richards*, 266 AD2d 714, 715-716 [1999]).

The defendant's contention that the County Court violated his constitutional rights under the principles set forth in *Apprendi v New Jersey* (530 US 466 [2000]) when it sentenced him as a persistent violent felony offender is without merit (*see People v Bell*, 15 NY3d 935 [2010]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Alvarez*, 76 AD3d 1098 [2010]; *People v Kelly*, 68 AD3d 895, 896 [2009], *affd* 16 NY3d 803 [2011]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.