■ RACHEL CAMPBELL, Respondent, v YOMTON G. MALIK et al., Defendants, and CITY OF NEW YORK et al., Appellants. [929 NYS2d 882]—

The Supreme Court should have granted that branch of the motion of the defendants City of New York and New York City Police Department (hereinafter together the city defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. The city defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff applied for and accepted workers' compensation benefits for her injuries arising out of the subject accident (*see* Workers' Compensation Law § 11; *Stewart v Glory Bee Realty Mgt. Corp.*, 10 AD3d 648, 650 [2004]; *DiTommaso v Marino*, 6 AD3d 572 [2004]; *Torre v Schmucker*, 275 AD2d 365, 366 [2000]; *Lunsford v Schaffner*, 184 AD2d 625, 626 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the motion was not properly denied as premature on the ground that discovery had not yet been completed. The plaintiff failed to demonstrate that further discovery might lead to relevant evidence (*see* CPLR 3212 [f]; *Cortes v Whelan*, 83 AD3d 763 [2011]).

To the extent that the city defendants are raising an issue on appeal regarding that branch of their motion which was to dismiss the action insofar as asserted against the defendant Robert E. Fiore as abandoned pursuant to CPLR 3215 (c), that branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Joazard v Joazard*, 83 AD3d 664, 665 [2011]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.