██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CARDOVA, Also Known as HECTOR PINA, Appellant. [931 NYS2d 375]—

The defendant's contention that the showup identification procedure was unduly suggestive is without merit (*see People v*

*Amico*, 78 AD3d 1190 [2010]; *People v Parris*, 70 AD3d 725 [2010]; *People v Gonzalez*, 61 AD3d 775 [2009]; *People v Guy*, 47 AD3d 643 [2008]; *People v Cruz*, 31 AD3d 660 [2006]; *People v Rodgers*, 6 AD3d 464, 465 [2004]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant either failed to object to the comments or made only general objections, and did not request further curative instructions or move for a mistrial (*see* CPL 470.05 [2]; *People v Banks*, 74 AD3d 1214 [2010]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant failed to preserve for appellate review his argument that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles articulated by the United States Supreme Court in *Apprendi v New Jersey* (530 US 466 [2000]; *see* CPL 470.05 [2]; *People v Kelly*, 16 NY3d 803 [2011]; *People v Mendez*, 71 AD3d 696 [2010]). In any event, the argument is without merit (*see People v Bell*, 15 NY3d 935, 936 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]; *People v Leon*, 10 NY3d 122 [2008]; *People v Amico*, 78 AD3d 1190 [2010]; *People v Kelly*, 68 AD3d 895 [2009]; *People v Winfield*, 63 AD3d 969 [2009]; *People v Wells*, 63 AD3d 967 [2009]; *People v Mitchell*, 59 AD3d 739 [2009]).

The sentences imposed were excessive to the extent indicated herein.

The contention raised in the defendant's pro se supplemental brief, that he was deprived of the effective assistance of counsel, is without merit (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.