■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ORTIZ, Appellant. [944 NYS2d 628]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered March 6, 2009, convicting him of predatory sexual assault (two counts), criminal sexual act in the first degree, rape in the first degree, attempted rape in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal sexual act in the first degree and

rape in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the People's contention, the defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is preserved for appellate review (*cf. People v Villanueva*, 289 AD2d 425, 425 [2001]; *People v Brito*, 179 AD2d 666, 666 [1992]). However, the claim is without merit. In fashioning its *Sandoval* ruling, the Supreme Court "struck an appropriate balance between the probative value of the defendant's prior crimes and the possible prejudice to the defendant" (*People v Townsend*, 70 AD3d 982, 982 [2010]; *see People v Sandoval*, 34 NY2d 371 [1974]). A defendant is not insulated from impeachment by the use of past convictions merely because those crimes are similar to the crime charged (*see People v Pavao*, 59 NY2d 282, 292 [1983]; *People v Aguayo*, 85 AD3d 809, 810 [2011]; *People v Springer*, 13 AD3d 657, 658 [2004]).

The defendant's contention that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles articulated by the United States Supreme Court in *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mendez*, 71 AD3d 696, 696 [2010]; *People v Rodriguez*, 51 AD3d 950, 951 [2008]) and, in any event, is without merit (*see People v Bell*, 15 NY3d 935, 936 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US 926 [2008]; *People v Cardova*, 88 AD3d 1008, 1009 [2011]; *People v Wellington*, 84 AD3d 984, 985 [2011]; *People v Shaw*, 83 AD3d 1101, 1103 [2011]; *People v Amico*, 78 AD3d 1190, 1191 [2010]).

As the defendant argues and the People correctly concede, criminal sexual act in the first degree and rape in the first degree are lesser-included offenses of predatory sexual assault (*see* Penal Law § 130.35 [1]; § 130.50 [1]; § 130.95 [1] [b]). Thus, we must vacate the convictions and sentences for criminal sexual act in the first degree and rape in the first degree and dismiss those counts of the indictment (*see* CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.