Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 3, 2008, convicting him of murder in the second degree (two counts), burglary in the first degree (three counts), assault in the second degree (two counts), attempted assault in the second degree, criminal possession of a weapon in the fourth degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly declined to give a circumstantial evidence charge, since the prosecution’s case involved some direct evidence (see People v Daddona, 81 NY2d 990, 992 [1993]; People v Ruiz, 52 NY2d 929, 930 [1981]; People v Barnes, 50 NY2d 375, 380 [1980]; People v McCoy, 30 AD3d 441, 443 [2006]).
Moreover, the Supreme Court providently exercised its discretion in denying the defendant’s request to substitute counsel (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Linares, 2 NY3d 507, 510 [2004]; People v Arroyave, 49 NY2d 264, 270 [1980]; People v Stevenson, 36 AD3d 634, 634-635 [2007]).
The defendant’s contention, raised in his pro se supplemental brief, that certain comments made by the prosecutor during *650 summation deprived him of a fair trial, is unpreserved for appellate review because he failed to object to any of the comments (see CPL 470.05 [2]; People v Kinard, 96 AD3d 976, 977 [2012]; People v West, 86 AD3d 583, 584 [2011]). In any event, the comments were either responsive to defense counsel’s summation, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Stewart, 89 AD3d 1044, 1045 [2011]; People v Cardova, 88 AD3d 1008, 1009 [2011]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, either are without merit or do not warrant reversal. Rivera, J.P, Angiolillo, Chambers and Roman, JJ., concur.