# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**131**

**KA 11-00929**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

GREGORY T. JACKSON, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 20, 2011.  The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he was denied effective assistance of counsel.  We reject that contention. Defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for the various allegations of ineffectiveness (*People v Rivera*, 71 NY2d 705, 709).  Further, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his further contention that County Court violated CPL 310.10 by questioning individual jurors concerning their contact with defendant without explicitly instructing the remaining jurors not to deliberate until all 12 jurors were present (*see People v Kelly*, 16 NY3d 803, 804), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's contention, "there was no mode of proceedings error dispensing with the preservation requirement because the brief, momentary separation of the juror[s] from deliberations was not the type of violation contemplated by the 'continuously kept together'

language of CPL 310.10" (*Kelly*, 16 NY3d at 804).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court