— Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 13, 2007, convicting him of burglary in the first degree, robbery in the first degree, and attempted rape in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions of burglary in the first degree, robbery in the first degree, and attempted rape in the first degree because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Reid, 82 AD3d 1268 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the defendant’s identity beyond a reasonable doubt (see People v Amico, 78 AD3d 1190 [2010]; People v Scott, 65 AD3d 707 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was not deprived of a fair trial when the Supreme Court denied his request to include in the jury charge the fact that the victim had initially made a photographic *484 identification of another individual before identifying the defendant (see People v Melendez, 182 AD 2d 644, 645 [1992]). Rivera, J.E, Skelos, Chambers and Austin, JJ., concur.