██ The People of the State of New York, Respondent, v Iquan Wiggs, Appellant. [14 NYS3d 53]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered August 6, 2013, convicting him of robbery in the second degree and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree and menacing in the third degree because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Delgado, 109 AD3d 483 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Delgado, 109 AD3d 483 [2013]; People v Amico, 78 AD3d 1190 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]) we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to both crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [1992]).

The defendant, however, correctly contends that the trial court's handling of a jury note failed to comply with CPL 310.30, in accordance with the procedure set forth in People v O'Rama (78 NY2d 270 [1991]). A court's " 'core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury' " (People v Silva, 24 NY3d 294, 298-299 [2014], quoting People v Kisoon, 8 NY3d 129, 134 [2007]). "Where the record fails to show that defense counsel

was apprised of the specific, substantive contents of the note . . . preservation is not required" (*People v Walston*, 23 NY3d 986, 990 [2014], citing *People v Tabb*, 13 NY3d 852 [2009]). Furthermore, "we cannot assume that [such an] omission was remedied at an off-the-record conference that the transcript does not refer to" (*People v Walston*, 23 NY3d at 990).

Here, the jury note requested a readback of the defense witnesses' alibi testimony. This note was read for the first time on the record before all parties and the jury. Immediately thereafter, the trial court read a second note from the jury advising that a verdict had been reached, at which point the verdict was pronounced. The trial court failed to meet its "core responsibilities" (*People v Walston*, 23 NY3d at 990), since defense counsel was not alerted on the record to the contents of the note and to the court's intended response, or nonresponse, prior to calling back the jury (*see id.*). "[A]lthough a defense counsel who is given notice of the trial court's intended response might be expected to object at a time when counsel 'had an opportunity to ask [the court] to alter course' (*People v Alcide*, 21 NY3d [687,] 694 [(2013)]), counsel here had no such opportunity because he learned of the trial court's response at the same time the jury heard it" (*People v Morris*, 120 AD3d 835, 836 [2014]). The defendant was thus deprived of any opportunity to voice opposition to the trial court's decision to pass over the first note and proceed directly to the verdict without further inquiry.

Accordingly, the judgment must be reversed and a new trial ordered. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.