■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN S. SMITH, Appellant. [23 NYS3d 391]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 15, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree because the prosecution failed to establish his identity as the perpetrator of the crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Delgado*, 109 AD3d 483 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his identity as the perpetrator (*see People v Gilocompo*, 125 AD3d 1000, 1001 [2015]; *People v Delgado*, 109 AD3d 483 [2013]; *People v Jenkins*, 93 AD3d 861, 861 [2012]; *People v Amico*, 78 AD3d 1190 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the trial court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) coerced the jury into returning a verdict after they had reported a deadlock is unpreserved for appellate review, as defense counsel neither requested a specific charge nor objected to the charge given by the court (*see People v Velez*, 150 AD2d 514 [1989]). In any event, such instructions are proper provided they do not (1) urge a dissenting juror to abandon his or her convictions and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to reach a particular verdict, or (3) shame the jury into reaching a verdict (*see People v Bastien*, 180 AD2d 691, 692 [1992]; *People v Austin*, 168 AD2d 502, 502-503 [1990]). In this case, the instructions to the jury were free of these errors.

Because the *Allen* charge was not improper, the defendant's ineffective assistance of counsel claim, based solely on his attorney's failure to object to the charge, is without merit (*see People v McKenzie*, 48 AD3d 594, 595 [2008]; *People v Stover*, 36 AD3d 837, 838 [2007]). Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.